**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6083**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL PAUL GALLIMORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:09-cr-00116-NCT-1; 1:11-cv-00850-NCT-JEP)

Submitted: April 16, 2015          Decided: April 21, 2015

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael Paul Gallimore, Appellant Pro Se. John W. Stone, Jr., Acting United States Attorney, Robert Michael Hamilton, Harry L. Hobgood, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Paul Gallimore seeks to appeal the district court's order adopting the recommendation of the magistrate judge and granting in part and denying in part his 28 U.S.C. § 2255 (2012) motion. Gallimore was convicted of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012) (count one), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012) (count three), and was sentenced to 169 months' imprisonment on count one and a concurrent term of 120 months' imprisonment on count three. In the § 2255 proceeding, the district court granted Gallimore relief on his claim seeking vacatur of his conviction on count three[*] but denied relief on the remainder of his claims, including his request that the court hold a resentencing hearing with respect to count one. Gallimore confines his appeal to the portion of the district court's order denying relief on his request for a resentencing hearing with respect to count one.

---

[*] The district court vacated Gallimore's conviction on count three after determining that it was invalid under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), dismissed the indictment as to this count, directed the entry of a corrected judgment reflecting only Gallimore's conviction and sentence under count one, and directed that any money paid by Gallimore toward the special assessment for count three be returned to him or credited to any other debt he owed the court.

2

This portion of the district court's order denying § 2255 relief to Gallimore is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Gallimore has not made the requisite showing. Accordingly, we deny Gallimore's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3